## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 3:15-cr-142 (JAM) |
| ROMANE ST. CHRISTOPHER MCKENZIE, *Defendant*. | |

### ORDER GRANTING DEFENSE COUNSEL'S REQUEST
### TO FURNISH DEFENDANT A COPY OF HIS PRESENTENCE REPORT

On November 14, 2016, the Court sentenced defendant Romane St. Christopher McKenzie principally to a 10-year term of imprisonment, following his plea of guilty to a charge of sex trafficking of a minor. At the sentencing hearing, defense counsel requested the Court's permission to give Mr. McKenzie a copy of his presentence report. The Government opposed the request and sought leave to file a brief setting forth the legal basis for the Court to deny counsel's request. Following my review of the parties' briefing, I conclude that counsel may furnish Mr. McKenzie with a copy of his presentence report.

The District of Connecticut Local Rules of Criminal Procedure provide that "the defendant and the attorney for the defendant and the government may retain their copies of the presentence report, subject to the same limitations on disclosure set forth in this rule." D. Conn. Local R. Crim. P. 32(i)(4). The rule otherwise states that "the defendant shall not disclose the contents of the presentence report to any person other than his or her attorney and spouse," and that, while "defendant . . . may take notes regarding the contents of the presentence report . . . such notes are subject to the same prohibition against disclosure as applies to the report itself." D. Conn. Local R. Crim. P. 32(i)(2)-(3).

1

Because this rule clearly allows Mr. McKenzie a right to *retain* a copy of his PSR, it follows that he must therefore have a right to *receive* a copy of his PSR in the first instance. Accordingly, I will grant his counsel's request to furnish Mr. McKenzie with a copy of the PSR, subject to counsel's advisory to Mr. McKenzie about the rule's limitations on Mr. McKenzie's disclosure of the PSR's contents to third parties.

Because the issue before me is solely whether defense counsel may furnish Mr. McKenzie with a copy of his PSR at this time, I do not consider whether Mr. McKenzie's right to retain a copy of his PSR must yield to the authority of any prison facility to take the PSR away from him. As I understand it, the federal detention facility in Rhode Island—where Mr. McKenzie is now housed pending his designation to a federal Bureau of Prisons facility—does not as a matter of course prevent a detainee from keeping a PSR in his personal possession. By contrast, the Bureau of Prisons apparently has a different policy that does not allow an inmate to retain a copy of his or her PSR; instead, the PSR is kept in the inmate's central file, and the inmate has the right to access and review it with unit staff. *See* Bureau of Prisons Program Statement No. 1351.05, ¶12(d)(1) (September 19, 2002), *available at* https://www.bop.gov/policy/progstat/1351_005_CN-2.pdf (last visited December 16, 2016). Although the Government argues that prisoners have no constitutionally protected expectation of privacy in their cells, it would be premature for me at this time to address whether Mr. McKenzie has the right to retain a copy of his PSR throughout his imprisonment with the Bureau of Prisons.

Nor do I consider whether Local Rule 32 allows for redactions of sensitive information (such as the names of victims or witnesses) in a presentence report that is to be furnished to a defendant. Here, there has been no request for redactions by the Government, and I note that the

PSR does not identify Mr. McKenzie's minor victim by name or furnish other details that would allow her identity to be ascertained.

In conclusion, the Court GRANTS defense counsel's request to provide a copy of the PSR to Mr. McKenzie. Defense counsel shall advise Mr. McKenzie in writing of the limitations that govern his use and disclosure of the PSR in accordance with Local Rule 32(i).

It is so ordered.

Dated at New Haven this 16th day of December 2016.

/s/*Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge